UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE PEREZ LOPEZ, A-221-363-559,<br>Petitioner,<br>v.<br>CRUZ, et al.,<br>Respondents. | No. 1:26-cv-6294 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining him.

I. Factual Background[1]

Petitioner, Felipe Perez Lopez (A# 221-363-559), is a 35-year-old Guatemalan citizen who entered the United States without inspection in or around 2007 and was not apprehended.

[1] Because respondents did not deny petitioner's factual allegations in the response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

ECF No. 1 (Verified Petition) at 1. Since then, petitioner has resided in the United States and started a family with his partner and his 11-year-old daughter. Id.

On June 17, 2026, on his way to work, petitioner was pulled over for a traffic violation. Id. at 2. When petitioner provided a passport rather than a drivers' license, the sheriff contacted Immigration and Custom Enforcement ("ICE"). Id. Petitioner remains in custody and is currently detained at California City Detention Facility.[2] Petitioner does not have a final order of removal.[3]

II. Procedural History

On August 8, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention under the Fifth Amendment Due Process Clause (Count I), the Immigration and Nationality Act ("INA") (Count II), the INA's implementing regulations (Count III), and the Final Judgment in Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM (C.D. Cal. 2026) (Count IV). ECF No. 1 at 3-5. The court issued a briefing order, which recognized the relevance of the recent ruling in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) with respect to petitioner's statutory claim," cited cases from this court reaching the same conclusion on the statutory issue, directed respondents to respond to the petition, and required the response to

> substantively address whether there are any factual or legal issues that materially distinguish this case from Rodriguez Vazquez v. Bostock or the court's prior orders in Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026

---

[2] The court takes judicial notice of the information on the ICE's Online Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited October 7, 2026), which confirms that as of the date of this order, petitioner remains in custody at California City Immigration Processing Center. See Fed. R. Evid. 201(court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] The Executive Office of Immigration Review ("EOIR") automated case information system, available at https://acis.eoir.justice.gov/en/, indicates petitioner was ordered removed on September 17, 2026 and an appeal is due on or before October 19, 2026. The court takes judicial notice of this information. See Fed. R. Evid. 201 see also O'Neill, 386 F.3d at 1224 n.2.

> WL 508419 (E.D. Cal. Feb. 24, 2026), and other similar cases previously decided by this court.

ECF No. 5. The court warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

Respondents filed an answer, and petitioner replied. ECF Nos. 7, 8.[4] The case is deemed submitted.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Count II - Violation of the INA

The petition alleges that petitioner is unlawfully detained under 8 U.S.C. § 1225(b)(2), which does not apply to him, and that he has accordingly been denied his right to a bond hearing

---

[4] Petitioner's counsel submitted a reply that responds to arguments *not raised* in the answer. Specifically, the reply purports to reply to respondents' arguments and reliance on Department of Homeland Seurity. v. Thuraissigiam, 91 U.S. 103, 140 (2020), ECF No. 8 at 2-4, however, respondents' one-page answer does not rely on, much less mention this case. Compare ECF No. 10 with ECF No. 11 at 1, 3-5, 8-9. As such, the court will only consider the reply to the extent it responds to arguments *raised* in respondents' answer. Petitioner's counsel is cautioned that this kind of carelessness will not be tolerated in the future.

under 8 U.S.C. § 1226(a). ECF No. 1 at 4-5. As noted above, the court's briefing order identified Rodriguez Vazquez, Alvarez Maciel, and Barajas Ortiz as relevant cases that had ruled on the same statutory issue and ordered respondents to substantively and materially distinguish from those cases or indicate that the cases are not substantively distinguishable. ECF No. 5. Respondents were warned that failure to distinguish this case from the cases identified by this court in the minute order would be construed as a concession that the cases are not substantively distinguishable. Id.

Before the Ninth Circuit weighed in, this court in Alvarez Maciel and Barajas Ortiz joined the majority of courts across the country in rejecting "[r]espondents' argument that section 1225 applies to all noncitizens who entered the United States without inspection," and found that the petitioners—who were detained within the interior of the United States—showed a likelihood of success on their INA claims, which argued noncitizens in their position were detained pursuant to 8 U.S.C. § 1226(a) and thus entitled to a bond hearing. Alvarez Maciel, 2026 WL 496948, at *3-4; Barajas Ortiz, 2026 WL 508419, at *3-4. Recently, in Rodriguez Vazquez, the Ninth Circuit held that "[noncitizen]s present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez, 183 F.4th at 1165.

Respondents' one-page answer acknowledges the recent ruling in Rodgriguez Vazquez and concedes that pursuant to Rodriguez Vazquez petitioner is entitled to a bond hearing before an immigration judge. ECF No. 7. Nevertheless, without distinguishing this case from Rodriguez Vazquez, Alvarez Maciel, and Barajas Ortiz, respondents assert that they "respectfully maintain the position that petitioner's detention is pursuant to 8 U.S.C. § 1225(b)(2)(A)." Id.

Considering the facts of this case, the ruling in Rodriguez Vazquez, and respondents' failure to materially and substantively distinguish from Rodriguez Vazquez, Alvarez Maciel, and Barajas Ortiz, the undersigned adopts and incorporates the analysis from those cases and, consistent with the holding in Rodriguez Vazquez, finds that petitioner's detention under §1225(b)(2)(A) and the deprivation of a bond hearing pursuant to § 1226(a) are unlawful. It is therefore recommended that the petition be granted on this claim.

B. Count I - Violation Under the Fifth Amendment Due Process Clause

The petition also alleges that petitioner's detention without a bond hearing violates his rights under the Fifth Amendment Due Process Clause. ECF No. 1 at 3. Respondents' one-page answer does not respond to this claim. See, generally, ECF No. 7. Recently, however, this court addressed this claim and has granted relief in analogous cases. See Ramirez Godinez v. Warden of California City Det. Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251 (E.D. Cal. Aug. 21, 2026), findings and recommendations adopted in 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026); Garcia Flores v. Warden, Mesa Verde Det. Facility, No. 1:26-cv-5387 DC AC, 2026 WL 2494915 (E.D. Cal. Aug. 25, 2026), findings and recommendations adopted in 2026 WL 2594117 (E.D. Cal. Sept. 2, 2026).

The petitioners in Ramirez Godinez and Garcia Flores, noncitizens who had resided in the United States for several years before they were detained by ICE, asserted that their detention without a bond hearing violated their due process rights under the Fifth Amendment Due Process Clause. Ramirez Godinez, 2026 WL 2455251, at *1; Garcia Flores, 2026 WL 2494915, at *1. In analyzing their claims, the court explained that noncitizens have a liberty interest in their freedom from detention, even if it is not coextensive with the liberty interest of a United States citizen. Ramirez Godinez, 2026 WL 2455251, at *3; Garcia Flores, 2026 WL 2494915, at *3. The court found that the first factor under the Mathews v. Eldridge test[5]—private interest—was significant because petitioner has resided in the United States for a period of time and developed familial and community ties during that time. Ramirez Godinez, 2026 WL 2455251, at *3; Garcia Flores, 2026 WL 2494915, at *3. The court also found that the second Mathews factor—risk of

---

[5] To determine what process is due, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

erroneous deprivation—was significant and concerning because petitioners were "deprived of the procedural protections available under § 1226(a)—to which [they were] entitled to under Rodriguez Vazquez and were deemed necessary to ensure a relatively small risk of erroneous deprivation in Rodriguez Diaz [v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022)]—and respondent had not argue petitioner[s] [were] a flight risk or danger to the community." Ramirez Godinez, 2026 WL 2455251, at *4; Garcia Flores, 2026 WL 2494915, at *4. The court further found that the government's interest—the final Mathews factor—in detaining petitioner without a bond hearing was low because the effort and cost of a bond hearing is minimal and that it does not outweigh the substantial liberty interest and high risk of erroneous deprivation. Id.

Similarly here, despite his noncitizen status, petitioner has a liberty interest and that interest is substantial because he has resided in the United States for nineteen years and has started a life here with his partner and 11-year-old daughter. The risk of erroneous deprivation is similarly significant because petitioner has not been afforded the procedural protection under § 1226(a) and its implementing regulations. At a minimum, petitioner has been deprived of a bond hearing for more than three months, despite entitlement to a bond hearing under § 1226(a) and despite the governments failure to assert he is a danger to the community or a flight risk. Lastly, the government's interest in detaining petitioner without affording him the procedures required under § 1226(a) is low, and does not outweigh petitioner's private interest or the risk of erroneous deprivation.

Considering the facts in this case, the undersigned finds petitioner's detention violates his procedural due process rights under the Fifth Amendment Due Process Clause and recommends the petition also be granted on this claim.[6]

C. Remedy

The appropriate remedy for the statutory violation in this case is petitioner's immediate release and a permanent injunction against re-detention absent pre-deprivation protections. Acevedo Duran, 2026 WL 539409, at *5 ("Because Respondents do not assert any alternative

[6] In the interest of judicial economy, the court does not address petitioner's claims under Counts III and IV.

basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds the appropriate remedy for relief is Petitioner's immediate release."); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (same); Ruiz-Araque v. Andrews, No. 1:26-cv-7124 DJC JDP, 2026 WL 2667384, at *1 (E.D. Cal. Sept. 10, 2026) (ordering petitioner's release and a permanent injunction against re-detention absent pre-deprivation procedures based on a violation of petitioner's rights under 8 U.S.C. § 1226(a)). Additionally, as explained by the undersigned in Ramirez Godinez, the appropriate remedy in a case like this, in which the court finds a violation of petitioner's procedural due process rights based on the deprivation of the procedures provided under 8 U.S.C. § 1226(a), is to release petitioner immediately and to enjoin respondents from re-detaining petitioner absent pre-deprivation procedures. See Ramirez Godinez, 2026 WL 2455251, at *5. "Anything short of this—such as giving the government an instant do over to follow the procedures required under § 1226(a) and its implementing regulations—would rubber stamp the government's [constitutionally] unlawful conduct, which the undersigned cannot recommend." Id. (collecting cases).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner Felipe PEREZ LOPEZ A-221-363-559. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or

danger to the community and petitioner's eligibility for bond must be considered.

d. The order not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE